You may proceed. Thank you, Your Honor. May it please the Court, my name is Brian Newman and I represent the appellant Mr. Ward. Your Honor, this is a case where Judge Wu wanted to have discretion to credit my client, or not credit, but run his sentences concurrent with a similar case he had in state court. He was originally arrested by Culver City Police Department. He was prosecuted for possession of stolen mail, along with some other things in state court. And then four months later he was indicted in federal court and later on we entered a plea agreement and a plea. During the sentencing of this matter, Your Honors, Mr. Ward was still going to be required to serve approximately ten or more months in state prison before he was received in the Federal Bureau of Prisons. And that's, in fact, what has transpired. And Judge Wu wanted to give Mr. Ward a concurrent sentence with the remaining time that he had on the state case to serve. Let me ask you this. Was your client in state custody when he was sentenced or in federal custody? He had been transferred to federal custody at that time, Your Honor. But he still had ten on a writ? Yes. So he was effectively in state custody and he was there on a writ. So his state time was running at the time your client was sentenced? Yes, Your Honor. Okay. And he was not in federal custody before that? Correct, Your Honor. Okay. And he had about another ten or so months to do in state custody. Yes, Your Honor. In fact, his release date is, I think, October of 2020. Okay. So he has been in continuous custody really since September of 2017 when he was originally arrested. Judge Wu may have wanted to but thought he couldn't because the statute says he can't. Well, Gonzales said he couldn't, Your Honor. However, there are other cases like Setzer and Omeda who say the judge should have had some discretion. There are cases that say, in general, judges should have discretion. In general, judges have discretion about whether to run sentences consecutively or concurrently. But Gonzales says, in this circumstance, they don't. And it's the big guys. It's the high nine. So how do we get around it? Well, Your Honor, I don't think you have to get around it, Your Honor, in that sense. But what Gonzales was about was the 924C arguments. And 924Cs deal with consecutive sentences to a federally convicted crime. But doesn't the statute here, it strikes me, is pretty clear. Doesn't the statute say it must be consecutive to any other? It doesn't say any other state and or federal offense. It leaves that open. It says any offense. Yeah, any offense. But that doesn't necessarily mean, as stated in the under the dissents of Justices Stevens and Breyer, that the delineation between a 924C case and this case, this type of case, was that the 924C specifically delineates that it's a federally convicted underlying crime. And that's not what we're arguing here. We don't have a federal underlying crime. Right, but this is not a 924C sentencing, is it? No, it is not. And what does the statute that's applicable to this case say? Your Honor, I believe that it's vague as to when a court can elicit its own discretion in sentencing a defendant. And certainly from the record, it's clear that this is what Judge Wu wanted to do. Let me ask you this. Yes, sir. So you're just talking about 10 months, though, right? You're not talking about giving him credit for the state time he already did. No, Your Honor. Just for the 10 months. Yes, Your Honor. Just for the 10 months. And so let me just read the language. I'm sorry. Judge, did you finish? I'm finished. The language says, except as provided in Paragraph 4, and I don't think Paragraph 4 applies, no term of imprisonment imposed on a person under this section shall run concurrently with any other term of imprisonment imposed on the person under any other provision of law. So isn't it – I mean, how can we read that as not covering your case? Well, because I think that language is vague, Your Honor, because in other statutes that deal with consecutive or concurrent sentences, the Congress actually delineated whether it did or did not include a state sentence. And based on that, Your Honor, I believe that because it's vague, that this Court can make a distinction as to whether under these particular facts, whether Judge Wu had the discretion to do what he wanted to do. Can I ask you at some point to address whether there's an appeal waiver here and whether the judge's comments vitiated that waiver? Your Honor, we are not alleging that the sentencing guidelines are in error, that the calculations of the sentencing guidelines are in error. Right. You're not – None of that. But you're saying that your appeal waiver doesn't apply because during sentencing, the judge at one point said, well, if you don't like what I'm doing, you can appeal it. Yeah. And he – and the government did argue before Judge Wu that there was an appeal waiver. He rejected that. Did he reject it? That's my question. They said – the reason I'm so interested in this is I often yell at the assistant U.S. attorneys who hear a judge mistakenly tell somebody he has the right to appeal and stand by and don't do anything. And the assistant U.S. attorneys in this case did what they were supposed to do. I don't know if they're the people here or somebody else. Somebody stood up and said to the judge, wait a minute, Judge, there's an appeal waiver. And he said, okay, to the extent – you can appeal to the extent it's not covered by your appeal waiver. So what was wrong with that? Your Honor, because I believe what we are appealing is not within the terms of the appeal waiver because the appeal waiver deals with, you know, the calculations where the guidelines are lawful, whether the judge erred in calculations, whether it was applied incorrectly. None of that is in our arguments. We are strictly arguing that the court had discretion in a – in a – Well, didn't you waive – didn't you waive the right to appeal the term of imprisonment imposed by the district court so long it was with – was within the parameters described by the plea agreement? We did, Your Honor, as far as the legalities of the guidelines. Isn't that exactly – no, but the waiver, I think – maybe I'm wrong. Maybe I misread it. How does it – tell us – how does it not fit your appeal of the concurrent issue, not fit within 21, paragraph 21? Because we're not talking about whether the guidelines were an error. We're not talking about whether the judge was an error in the calculation of the guidelines. We're not talking about whether the probation department was an error in their determination of what the guidelines were. We're not challenging the guidelines at all. What we're saying is that the judge had discretion to make a determination as to whether he should sentence Mr. Ward to concurrent or consecutive sentences under these circumstances, where he was – Well, but sub B – look at sub B. 21 sub B says defendant agrees that, provided the court does what it did. You're not contesting that it didn't. Defendant gives up the right to appeal all of the following, and B says the term of imprisonment imposed by the court. It doesn't just say the calculations, and it says the term of imprisonment. Well, we're not – You are appealing the term of imprisonment, aren't you? We are – You're appealing when the term runs. Well, yes, Your Honor. What the term is, not actually the term, although under the Hong case, which I just came out with, whether this case involves the actual aggravated identity theft, I didn't – that wasn't part of my appeal. That's not part of your appeal. No, Your Honor. However, so we're not talking about the length of the time of the sentence or anything like that. We're talking about credits, and the judge's determination that he would like to give Mr. Ward concurrent time, which essentially is crediting him for the time that he has remaining after his sentencing, the time that he had remaining in state prison. And so there's a significant difference there, Your Honor. So does the plea agreement – if the judge would have made a completely erroneous decision with respect to the law in general and how it applied in your client's case, wouldn't you have a waiver for that under that plea agreement or not? I believe so. I would agree with Your Honor that we would, and that particular case – He would have waived that? I think if we were arguing that the law was in error, then that would be a waiver, yes, Your Honor. Or that he applied the law incorrectly, still a waiver? I think that if he applied the law incorrectly, that would be an appealable issue, Your Honor. Okay. But you're not contending that he imposed an illegal sentence? No, not at all, Your Honor. That would be an exception. Yeah. Well, you're imposing that he misunderstood the law and what he could or couldn't do. Well, he did not believe that he had the discretion to – Well, and they're saying that he did, so he misunderstood the law. I believe so, Your Honor. Sorry to make your argument for you, but go ahead. If Your Honors have any other questions, I'd be happy to respond.  Thank you. Thank you, Your Honor. Thank you. May it please the Court, Ilana Artson on behalf of the United States, and with me at council table is Assistant United States Attorney Catherine Ahn, who was the one who stood up in district court and told the district judge that the issue was covered by the appeal waiver. This Court should enforce the waiver and dismiss this appeal. Can I ask you which part of this paragraph 21 applies to this particular claim that Judge Wu misunderstood how the statute worked in terms of consecutive or concurrent sentences? The term of imprisonment. The term of imprisonment imposed in this case was a total of 27 months, three months on count one to be served concurrent with the state sentence, 24 months on count two to be served consecutive to count one and to the state sentence. That was the term of imprisonment. That's what the defendant is appealing, that the district court should have run more than three months concurrently. That's a challenge to the term of imprisonment imposed by the district court, and that is squarely covered by this appeal waiver. So you mean we're talking not about ten months, but seven months. Seven months. Essentially, yes. Because he got credit for the three. He got credit for three months. Correct. That is squarely covered by the term of imprisonment. That's what's being challenged here, is the specific term of imprisonment that the judge chose. Maybe in the future you're going to have to use terms like relating to the term of imprisonment. I'm just saying to avoid these kinds of appellate arguments on the interpretation of the provision. I'll certainly consider that, but I think that this is crystal clear. This is a challenge to the term of imprisonment that the court imposed, and that term is used in the statute. The plain meaning of the term of imprisonment is all of the conditions that are part of it. And the structure of this term of imprisonment was three months on count one, concurrent, 24 months on count two, consecutive. That's what's being challenged here. Now, there was some reference in the district court to custody credits, and the district court said, well, that's really not up to me. That's up to the Bureau of Prisons. But if that were the challenge here, then I would say that's also covered by the appeal waiver, because that would be part of the procedures and calculations used to determine and impose any portion of the sentence. Say that again? The waiver applies to how the BOP calculates? No, the district court said that's an issue for the BOP. I'm not going to calculate custody credits. I don't think that that's the claim that's being raised on appeal, but I think that that would probably be covered under the procedures and calculations used to determine and impose a sentence as well. That's not an argument you need to make, is it? No. I mean, clearly the term of imprisonment. I mean, if the district court says, I'm not going to deal with custody credits, and Mr. Ward then goes to the Bureau and says, I'd like custody credits, I don't think the government could then say, wait a minute, you waived that. I'm not claiming that. Okay. I'm claiming that to the extent that his ‑‑ I don't think the defendant has appealed Judge Wu's decision that he was not going to award any credit for the time already served. No, but Judge Wu did say, look, I'd make all these run concurrent if I could, but I don't think I can. Correct. And that issue was waived by the appellate waiver because it goes to the terms of imprisonment. Assuming it wasn't. Was he correct? He was correct. And he was correct that he is bound by Gonzales. And the language of 1028A is very similar to the language that the Supreme Court considered in Gonzales. Notwithstanding any other provision of law, no term of imprisonment imposed on a person under this section shall run concurrently with any other term of imprisonment. That's the language that Gonzales construed to include state sentences. But 1028A is even more explicit, and it adds imposed on the person under any other provision of law. So we have exactly the same language in Gonzales plus more. And I would also point out that Section 1028A was enacted in, I believe it was 2004, which is after the Gonzales case. And we presume when we interpret a statute that Congress legislates in light of the relevant case law. So this language was adopted in light of the interpretation that the Supreme Court in Gonzales gave to identical language in 924C, and it used that same language and clarified even further by adding under any other provision of law. So I just don't think there's any way to read this statute as not covering state sentences. Moreover, there is an explicit carve-out in Section 1028A. It says that a concurrent sentence can only be imposed. In that subsection 4. In subsection 4 for another term of imprisonment imposed by the court at the same time for an additional violation of this section. And again, as a basic principle of statutory interpretation, when Congress creates an exception, we presume that Congress considered the exceptions and it decided to limit the exceptions to those that it enumerated. And there's only one enumerated exception here, and the defendant doesn't fall into it. Can I take you back to the colloquy and recognizing that I've already praised your side for doing what it should have done? Did the judge do enough in response to it? The judge didn't say, oh, my gosh, you're right. Forget what I just said. There's an appeal waiver. He said, well, you can still appeal to the extent that the appeal waiver doesn't prevent it. Is that the right thing to say? In terms of did that vitiate the waiver, the language here clearly did not vitiate the waiver. When we go back to Buchanan, which is the case in which this court held that an unambiguous statement by the district court, you have the right to appeal my findings, when there's no objection by the government, that that clear statement vitiates the waiver. In subsequent cases, this court has consistently held that you need two factors to vitiate the waiver. One is clear, unambiguous language from the district court, and the second is no objection from the government. Here, we had a very vigorous objection from the government, clearly explaining why this exact issue was covered in the plea agreement. Your friend says the district court overruled the objection. I don't think the district court overruled it. I think the district court said to the extent that you have a right to appeal, I think that you should. That doesn't mean that you do. Actually, he went a little further than that. He said, and to the extent that I authorize an appeal, where is he coming from, authorizing an appeal? He says, to the extent that I authorize an appeal that would not be inconsistent with the plea agreement, I would say that plaintiff can appeal. Defendant can appeal this particular portion of my sentence. He's clearly referring to that consecutive versus concurrent part. If I were the district court judge and I made an error in commenting about an appeal, I'd just stop talking. That probably would have been a better thing for the district court to do in this case. But the question before this court is, did those ramblings vitiate the waiver? And the waiver under this court's case law is only vitiated if there is a clear and unambiguous statement, and we have anything but that. Even when the court says you may have a right to appeal, this court has held that does not vitiate a waiver. He doesn't say may. He says I authorize an appeal that would not be inconsistent with the plea agreement, I would say that plaintiff can appeal. And then he changes it to defendant. This particular portion. I mean, I think, candidly, I mean, to be candid, that it was very confusing, at a minimum, what he was saying. And that's exactly why it does not vitiate the waiver, because it did not clearly tell the defendant, you can appeal my findings, which is what happened in Buchanan. On two separate occasions in Buchanan, the district court clearly said you can appeal my findings. I also want to go back to the reasoning of Buchanan, that the rule that this court derived came from a different principle, the principle that an unambiguous oral pronouncement of sentence controls over a contrary written judgment. And in Buchanan, the court said, well, we're going to do the same thing here and say this unambiguous oral pronouncement controls. If you had a pronouncement of sentence that was the ramblings that we had from the district court here, I don't think anybody would say that that's a clear and unambiguous sentence that would control. I think we would have to look at the judgment, meaning the written language, to clarify that. Here, the written language was clear and there was nothing unambiguous that contravened that. So Buchanan does not apply, and under the long line of cases distinguishing Buchanan, in cases such as Schuman where the government objected and in other cases where the language has not been sufficiently clear, this court should enforce the appeal waiver and dismiss this appeal. I would also point out that this court has made clear that an appeal waiver is enforceable regardless of whether there might be merit to the issues raised and regardless of whether the defendant could have or should have anticipated those issues. So this appeal waiver should be enforced under this court's case law, and the appeal dismissed. If not, the district court correctly concluded that Gonzalez is controlling and that 1028A did not permit him to run the 1028A sentence concurrent with the undischarged state sentence. All right. Thank you, counsel. I'm going to start off right away. Okay. The guideline for count one was 27 to 33 months? Yes. And the guideline for count two was a mandatory 24 consecutive to count one? Correct. And the judge only gave your client three months for count one? Yes. Part of that was he felt that the ---- It gives him a total sentence of 27 months, which is the minimum that he could have given for count one under the guidelines. Correct. Your Honor, however, with the circumstances, where we came down to that formula is Judge Wu did find that there was an overrepresentation of criminal history. He also knew he could not give credit for the time he served in a state prison, but he could reduce the sentence under his discretion to give, I don't want to use the word credit, but to acknowledge that he had been in jail all this time and essentially for the same facts and circumstances. Well, except he was charged with something different in the state court, entirely different than what he was charged in the federal court, different crimes. Well, the first couple of counts, and I don't have his state case there. Well, your client was convicted on count one of the access devices and count two for identity theft. He wasn't charged with either of that in the state court. Well, he was charged with the grant theft. Then he had other offenses out of that. Drugs and stuff. And other things, your Honor, and an assault, I believe. Your Honor, this case is regarding the waiver, going back to the issue of the waiver. Judge Wu sentenced my client to, as your Honor said, three months in custody plus a concurrent 24 months. We're not challenging that. That's not what we're challenging at all. We're simply challenging the fact that the judge did not believe he had the discretion to run a sentence consecutive or a concurrent versus consecutive. Secondly, I don't think Judge Wu could have been any more clear as to what he was authorizing the defense to do with regard to the same arguments that the government made before him concerning an appellate waiver. Well, what he said was, look, I'm not precluding the government from arguing that the waiver covers this. He said, you know, you're free to go argue the waiver doesn't cover this if you want to, but I'm not precluding the government from arguing that the waiver does cover it. But he did say that he doesn't find that the waiver covers it. Does he say that? See, that's what I'm he does ramble a bit. But when he finally gets to the last point, after Ms. Ahn says I'll go check with my appellate department, he basically says, look, the government is probably going to contend the waiver covers this. And I'm not stopping them from saying that. I'm not, right? Well, and it's before your honors to make the final determination. So my question was, was your client really misled into the notion that the appeal waiver no longer applied? Put aside what it covers for a second. That's a legal question for us. But what our cases seem to say is, look, if the defendant was misled into thinking that he had a right to appeal, then we'll give him the right to appeal notwithstanding the waiver. I thought the judge here in the end, even though he rambled, was pretty clear that, look, I don't want to give you any expectations that you have any rights that the government says you don't. You can go argue them to the appeals court, but I'm not giving you rights that you gave away. But the judge is also saying, your honor, he's inviting the appeal. He's telling us that if he had the discretion, he would have done X, Y, and Z. Yeah, but he can do that anyway. He's got so much time to play with. He can do that anyway. And he probably did. Well, that's not what he stated on the record, your honor. He was inviting us to appeal the discretion regarding a concurrent sentence or not. And I see I'm out of time, your honor. All right. Thank you very much, counsel. Thank you, your honor.
judges: Wardlaw, Hurwitz, Bataillon